**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLEN B. MILLER,<br><br>                Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART, COMMISSIONER<br>OF SOCIAL SECURITY ADMINISTRATION,<br><br>                Defendant. | NO. EDCV 05-323-E<br><br>**MEMORANDUM OPINION**<br><br>**AND ORDER OF REMAND** |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on May 3, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on August 16, 2005.

1  Plaintiff filed a motion for summary judgment on October 17,
2 2005. Defendant filed a cross-motion for summary judgment on
3 November 16, 2005. The Court has taken the motions under submission
4 without oral argument. <u>See</u> L.R. 7-15; "Order," filed May 9, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability based primarily on bipolar disorder and depression (Administrative Record ("A.R.") 61). An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 115-319, 335-53).

The ALJ found Plaintiff suffers from bipolar disorder, alcohol abuse, and prescription amphetamine and benzodiazepine abuse (A.R. 18). The ALJ further found that Plaintiff is unable to work due to substance abuse (A.R. 19). The ALJ determined, however, that in the absence of substance abuse, Plaintiff could work (A.R. 23-24). In doing so, the ALJ rejected a March 2003 medical report from Plaintiff's treating psychiatrist, Dr. Thacker, indicating that Plaintiff was disabled due to bipolar disorder (A.R. 23, 307). The ALJ concluded that substance abuse is a material contributing factor to Plaintiff's disability, thereby precluding Plaintiff from receiving disability benefits (A.R. 24). The Appeals Council denied review (A.R. 4-7).

///
///
///

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

**I.    The ALJ Improperly Rejected the Opinion of Plaintiff's Treating Psychiatrist without Inquiring Further of the Psychiatrist.**

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted). Even where the treating physician's opinions are contradicted,[1] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets

---

[1]    Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

```
 1  omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may
 2  disregard the treating physician's opinion, but only by setting forth
 3  specific, legitimate reasons for doing so, and this decision must
 4  itself be based on substantial evidence") (citation and quotations
 5  omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989)
 6  ("broad and vague" reasons for rejecting the treating physician's
 7  opinions do not suffice); Embrey v. Bowen, 849 F.2d at 421 ("To say
 8  that medical opinions are not supported by sufficient objective
 9  findings or are contrary to the preponderant conclusions mandated by
10  the objective findings does not achieve the level of specificity our
11  prior cases have required . . .").
12
13       In the present case, the ALJ rejected the opinion of
14  Plaintiff's treating psychiatrist, Dr. Thacker, that Plaintiff is
15  disabled due to bipolar disorder (A.R. 23).  The ALJ reasoned:
16
17       For the aforementioned reasons, I cannot credit a
18       recent statement which was completed by Doctor Thacker
19       in March 2003, which indicates that [Plaintiff] is
20       disabled due to a bipolar disorder.  (Exhibit 10F).
21       This conclusory statement is not credible due to the
22       lack of supportive objective evidence, as stated above,
23       and appears to be based on [Plaintiff's] subjective
24       complaints.  Further, a statement that an individual is
25       unable to work is not a medical opinion as defined in
26       the regulations, but rather, constitutes an opinion
27  ///
28  ///
```

1 regarding disability, which is an issue reserved to the
2 Commissioner.

(A.R. 22-23).

Absent further inquiry, these findings do not suffice to justify the rejection of Dr. Thacker's opinion. The lack of supporting objective findings is not a sufficient basis for rejecting a treating physician's opinion. See Embrey v. Bowen, 849 F.2d at 421. Granted, "the ALJ need not accept an opinion of a physician – even a treating physician – if it is conclusionary and brief and is unsupported by clinical findings." Matney v. Sullivan, 981 F.2d 1016, 1019-20 (9th Cir. 1992); accord, Burkhart v. Bowen, 856 F.2d 1335, 1339-40 (9th Cir. 1988); Young v. Heckler, 803 F.2d 963, 967-68 (9th Cir. 1986). However, authorities such as Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) and section 404.1512(e) of 20 C.F.R. suggest that, under the circumstances of the present case, further inquiry of the treating psychiatrist should precede a final determination of whether the treating psychiatrist's opinions are not adequately explained or supported.

As for the ALJ's finding that Dr. Thacker's opinion "appears to be based on the claimant's subjective complaints," an ALJ may reject a treating physician's opinion that is predicated on the properly discounted subjective complaints of the claimant. See Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989). On the present ambiguous record, however, the ALJ should have attempted to clarify the basis for Dr. Thacker's opinion rather than presume that the

1  basis consisted solely of Plaintiff's subjective complaints.  See 20
2  C.F.R. § 404.1512(e)(1) (the Administration "will seek additional
3  evidence or clarification from your medical source when the report
4  from your medical source contains a conflict or ambiguity that must
5  be resolved, the report does not contain all the necessary
6  information, or does not appear to be based on medically acceptable
7  clinical and laboratory diagnostic techniques"); see Smolen v.
8  Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he
9  needed to know the basis of Dr. Hoeflich's opinions in order to
10 evaluate them, he had a duty to conduct an appropriate inquiry, for
11 example, by subpoenaing the physicians or submitting further
12 questions to them.  He could also have continued the hearing to
13 augment the record") (citations omitted); see also Brown v. Heckler,
14 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to
15 fully and fairly develop the record and to assure that the claimant's
16 interests are considered").

18      Finally, although the ALJ is correct that the ultimate issue
19 of disability is reserved to the Administration, the ALJ still must
20 set forth specific, legitimate reasons for rejecting a treating
21 physician's opinion that a claimant is disabled.  See Rodriquez v.
22 Bowen, 876 F.2d 759, 762 n.7 (9th Cir. 1989) ("We do not draw a
23 distinction between a medical opinion as to a physical condition and
24 a medical opinion on the ultimate issue of disability.").
25 ///
26 ///
27 ///
28 ///

**II.   The ALJ's Decision Contains Inconsistent Findings Regarding the Severity of Plaintiff's Mental Impairments.**

The ALJ found that Plaintiff "suffers from a severe impairment as a result of a bipolar disorder, NOS, rule out drug problems; alcohol abuse; and prescription amphetamine and benzodiazepine abuse, impairments which can cause significant vocationally relevant limitations" (A.R. 18). The ALJ later found, however, that Plaintiff's "mental impairments other than alcohol abuse are not severe" (A.R. 23). These findings appear irreconcilably inconsistent.

"An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individuals ability to work.'" Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing Social Security Ruling 85-28 and Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988)); see also 20 C.F.R. §§ 404.1521(a), 416.921(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). The inquiry into whether a claimant's impairments are severe is "a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d at 1290. Here, the ALJ's analysis appears to have been based on the assumption that Plaintiff's bipolar disorder constitutes a severe impairment. In light of the ALJ's contradictory statement that Plaintiff's mental impairments other than alcohol abuse are not severe, however, clarification of the ALJ's findings regarding the severity of

1  Plaintiff's alleged impairments is necessary.  See Mingo v. Apfel,
2  1998 WL 373411 *2 (D. Kan. July 1, 1998)(remand necessary where the
3  Administration conceded the ALJ's findings were internally
4  inconsistent).

**III.   Remand Is Appropriate.**

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case.  In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited."  Harman at 1178 (citations and quotations omitted).  Assuming, arguendo, the Harman holding survives the

1  Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002),[2/]
2  the Harman holding does not direct reversal of the present case.
3  Here, the ALJ must recontact Dr. Thacker concerning "outstanding
4  issues that must be resolved before a determination of disability can
5  be made."  In addition, it is not clear from the record that the ALJ
6  would be required to find Plaintiff disabled for the entire claimed
7  period of disability were the treating physician's opinions fully
8  credited.

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  December 5, 2005.

_____/s/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2/]   The Ninth Circuit has continued to apply Harman despite INS v. Ventura.  See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

9